IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVE LAMON ADAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3460 |
| | § | |
| DEVON ANDERSON, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

State inmate Dave Lamon Adams, TDCJ-CID #1334899, proceeding *pro se* and *in forma pauperis*, files this section 1983 lawsuit complaining that violations of his constitutional rights by state judge Devon Anderson and trial attorney Jerome Godnich resulted in his 2005 criminal conviction and thirty-year sentence. He seeks monetary damages and criminal charges brought against the two defendants. The threshold question for this Court is whether plaintiff's complaint should be dismissed as frivolous and for failure to state a claim. After reviewing the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this lawsuit fails to state a claim and should be dismissed for the reasons that follow.[1]

---

[1] The Court will not address the obvious two-year statute of limitations issue.

*Analysis*

When a party proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). As shown below, plaintiff's claims lack an arguable basis in law or in fact or are barred by judicial immunity.

*No State Actor*

A plaintiff seeking relief under section 1983 must establish two essential elements: that the conduct complained of was committed under color of state law by a state actor, and that the conduct deprived him of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). In the instant case, plaintiff's section 1983 claims against his trial attorney, Jerome Godnich, are not actionable because a trial attorney is not a state actor within the meaning of that statute. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985). Accordingly, plaintiff's purported section 1983 claims against Jerome Godnich will

2

be dismissed with prejudice under section 1915(e)(2)(B)(i) as lacking an arguable basis in law and fact. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

*Judicial Immunity*

Plaintiff's claims against the state trial judge, the Honorable Devon Anderson, are barred by judicial immunity. A judge generally has absolute immunity from suits for damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity is an immunity from suit, not just the ultimate assessment of damages. *Id*. at 11. There are only two circumstances under which judicial immunity may be overcome. First, a judge is not immune from liability for nonjudicial actions, that is, actions not taken in the judge's judicial capacity. *Id*. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id*. Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id*. Plaintiff's claims against the defendant state judge do not raise any exception to judicial immunity. Accordingly, plaintiff's purported section 1983 claims against the Honorable Devon Anderson will be dismissed with prejudice under section 1915(e)(2)(B)(i) as barred by judicial immunity.

*Heck Bar*

Regardless, plaintiff fails to allege, and the Court's review of public records for the state courts fails to show, that the underlying 2005 criminal conviction giving rise to his instant claims has been reversed, set aside, or otherwise judicially called into question. His conviction was affirmed on direct appeal, *Adams v. State*, No. 01-05-01017-CR (Tex. App.

3

– Houston [1st Dist.] 2006, pet. ref'd), and no properly-filed state habeas application has been presented to the Texas Court of Criminal Appeals. Under these circumstances, plaintiff's claims for monetary damages are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Accordingly, plaintiff's purported section 1983 claims for monetary damages will be dismissed with prejudice under section 1915(e)(2)(B)(i) as lacking an arguable basis in law and fact. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

*Criminal Charges*

In addition to seeking monetary damages, plaintiff requests that criminal charges be brought against the two defendants. Decisions whether to prosecute or file criminal charges against an individual lie within the prosecutor's discretion, and private citizens do not have a constitutional right to have an individual criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *see also Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Neither plaintiff nor this Court can initiate state criminal charges against the defendants, nor can this Court order the district attorney to initiate such charges. Accordingly, plaintiff's purported section 1983 claims seeking criminal prosecution against the defendants will be dismissed with prejudice under section 1915(e)(2)(B)(i) as lacking an arguable basis in law and fact. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

*Conclusion*

Accordingly, plaintiff's claims are DISMISSED WITH PREJUDICE as barred by judicial immunity and for failure to state a claim under sections 1915A and 1915(e)(2). Any and all pending motions are DENIED AS MOOT. This dismissal counts as a "strike" for purposes of section 1915(g).

The Clerk will provide a copy of this Order to the parties, to the TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Inmate Three-Strike List Manager.

Signed at Houston, Texas, on May 7, 2009.

_____
Gray H. Miller
United States District Judge